```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA            :    06 CRIM. 1068

        - v. -                           INDICTMENT
                                    :
MICHAEL LAIR,                            06 Cr.
                                    :
                Defendant.
- - - - - - - - - - - - - - - - - -x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 2 0 2006

COUNTS ONE THROUGH FOUR

(Wire Fraud)

The Grand Jury charges:

### BACKGROUND

1. At all times relevant to this Indictment, MICHAEL LAIR, the defendant, held himself out as an executive of consumerdefense.com, Inc., also known as "CDI," an organization that purported to do research and investigations pertaining to consumer complaints. At all relevant times, MICHAEL LAIR, the defendant, was a resident of Bozeman, Montana.

### THE SCHEME TO DEFRAUD

2. From at least as early as in or about Summer 2005, up to and including in or about October 2006, MICHAEL LAIR, the defendant, schemed to defraud parties and attorneys involved in high profile litigation by (a) falsely claiming to have gathered evidence relevant to existing litigation and demanding up-front payments before disclosing that evidence; and (b) falsely claiming to have been solicited by counsel in such litigation to engage in illegal and unethical conduct, and demanding up-front

payments before disclosing evidence of that conduct.

3.  At all times relevant to this Indictment, MICHAEL LAIR, the defendant, searched the internet and media reports for high-profile litigation matters in order to select suitable targets of his fraud scheme. Having identified such a target, LAIR then contacted a party or counsel to a party to that litigation, falsely claiming to have already developed evidence that would be useful in that litigation. LAIR demanded payment of fees of as much as $75,000 or more before disclosing the purported evidence to the fraud victim. In fact, LAIR did not have any such evidence, and never provided the promised information.

4.  In certain instances, during the time period relevant to this Indictment, after the fraud victims involved in the litigation refused to advance further funds to MICHAEL LAIR, the defendant, (because LAIR had not followed through on his promises to deliver the information that he claimed to possess), LAIR approached opposing counsel in the same litigation in an effort to defraud another victim. In this part of his scheme, LAIR informed opposing counsel that their adversaries had hired LAIR and directed LAIR to engage in either illegal or unethical investigative techniques. LAIR claimed to have documentary proof of opposing counsel's illegal or unethical directives, and in at least one instance demanded an up-front payment before disclosing evidence of the illegal or unethical directive from counsel.

### Litigation One

5.      In particular, in or about Summer 2005, MICHAEL LAIR, the defendant, approached counsel for a former CEO of a large insurance company, based in New York, New York, who was engaged in litigation with the insurance company.  LAIR claimed to have evidence to assist in the CEO's litigation, and demanded an up-front payment before disclosing that evidence.  The CEO's attorneys paid LAIR approximately $75,000.  LAIR did not produce the evidence that he claimed to have, and LAIR continued to demand additional funds.

6.      After MICHAEL LAIR, the defendant, was fired by the CEO's attorneys, LAIR contacted an attorney for the large insurance company.  LAIR told the attorney for the insurance company that the CEO's lawyers had hired LAIR to use illegal and unethical investigative techniques in order to obtain information concerning ongoing litigation.

### Litigation Two

7.      In or about March 2006, MICHAEL LAIR, the defendant, contacted an attorney practicing law in New York, New York, who represented a large pharmaceutical company then involved in a high-profile litigation with a large hedge fund.  LAIR offered the attorney representing the pharmaceutical company evidence that would assist the attorney in his representation of the pharmaceutical company.  Counsel for the pharmaceutical company paid LAIR certain fees.  LAIR did not produce the

promised evidence and demanded additional funds.

8. After the pharmaceutical company's attorney fired MICHAEL LAIR, the defendant, LAIR approached a lawyer representing the large hedge fund. LAIR told an attorney for the hedge fund that the pharmaceutical company's lawyer had hired LAIR to use illegal and unethical investigative techniques in order to obtain information about the large hedge fund, including hacking into computers used by employees of the large hedge fund, illegally obtaining financial records, and using false pretexts to obtain telephone records of specific employees, commonly known as "pretexting." LAIR demanded an up-front payment of at least approximately $50,000 for providing evidence of what he claimed was opposing counsel's illegal and unethical conduct.

### STATUTORY ALLEGATIONS

9. From at least in or about Summer 2005, up to and including in or about October 2006, including on or about the dates specified below, in the Southern District of New York and elsewhere, MICHAEL LAIR, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to defraud attorneys and parties involved in litigation, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture and sound for the purpose of

executing such scheme and artifice, to wit, LAIR caused the following wire communications in connection with his scheme:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| One | 02/10/06 | Wire transfer directed by the lawyer for the former CEO, from New York, New York to a bank account controlled by LAIR in Bozeman, Montana. |
| Two | 07/18/06 | Wire transfer directed by the lawyer for the pharmaceutical company, from New York, New York to a bank account controlled by LAIR in Bozeman, Montana. |
| Three | 09/20/06 | Email from outside New York to an email account maintained in New York, New York, directed to a purported representative of the large hedge fund. |
| Four | 09/26/06 | Telephone call between a cellular telephone located outside New York and the lawyer for the large insurance company, located in New York, New York. |

(Title 18, United States Code, Section 1343.)

FORFEITURE ALLEGATION

10. As a result of committing the foregoing offense alleged in Counts ONE through FOUR of this Indictment, defendant MICHAEL LAIR shall forfeit to the United States pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the wire fraud offense, including but not limited to the following:

    a. A sum of money equal to $81,000 in United States currency

representing the amount of proceeds obtained as a result of the offense of wire fraud.

        b.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 1343.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

**MICHAEL LAIR,**

Defendant.

**INDICTMENT**

06 Cr.

Title 18, United States Code, Section 1343.

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

*[signature]*
Foreperson.

11/20/06 Filed Indictment. Case assigned to Judge Casey. & Mag. Judge Casey