AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

          SOUTHERN          District of          NEW YORK

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| MICHAEL LAIR | Case Number: 1:S1 06 CR 01068-001 (JFK) |
| | USM Number: 09388-046 |
| | Leonard Joy, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    one through four

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 1343 | Wire fraud | 10/2006 | 1-4 |

    The defendant is sentenced as provided in pages 2 through    5    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   all open counts        ☐ is   X are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-18-07

April 17, 2007
Date of Imposition of Judgment

_/s/ John F. Keenan_
Signature of Judge

HON. JOHN F. KEENAN, USDJ
Name and Title of Judge

4/17/07
Date

AO 245B   (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page   2   of   5

DEFENDANT:         MICHAEL LAIR
CASE NUMBER:       1:S1 06 CR 01068-001 (JFK)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:   27 Months   .

27 months on each count. Counts are to run concurrently with each other.
The Court directs that the defendant be placed in a facility where he can receive drug and alcohol rehabilitation treatment.

X   The court makes the following recommendations to the Bureau of Prisons:
    The Court strongly recommends that the defendant be incarcerated in the northwest United States as close to Montana as possible.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____   ☐ a.m.  ☐ p.m.  on _____ .

    ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
   DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page  3  of  5

DEFENDANT:      MICHAEL LAIR
CASE NUMBER:    1:S1 06 CR 01068-001 (JFK)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    3 Years            .

3 years on each count. Counts are to run concurrently with each other.
(SEE SPECIAL CONDITIONS ON THE NEXT PAGE)

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __3(a)__ of __5__

DEFENDANT: MICHAEL LAIR
CASE NUMBER: 1:S1 06 CR 01068-001 (JFK)

# ADDITIONAL SUPERVISED RELEASE TERMS

1) The defendant is not to use a computer, Internet-capable device, or similar electronic device for soliciting or emailing for the purpose of committing any fraud related activity. The defendant shall consent to the use and/or installation of a computer program which shall monitor suspect computer use on any computer owned or controlled by the defendant. The program(s) used will be designed to identify, for the probation office, only the viewing, downloading, uploading, transmitting, or otherwise using the computer for purposes prohibited above, defined as Suspect Computer Use. Suspect Computer Use shall be identified by the installed program(s) and/or probation officer through the screening of the defendant's computer usage for certain words, phrases, and images.

2) The defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. The defendant will be required to contribute to the costs of services rendered (co-payment), in amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

3) The defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include urine testing at the direction and discretion of the probation officer.

4) The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

5) The defendant shall provide the probation officer with access to any requested financial information.

6) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

7) The defendant is to be supervised by the district of residence.

Judgment — Page 4 of 5

DEFENDANT: MICHAEL LAIR
CASE NUMBER: 1:S1 06 CR 01068-001 (JFK)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400 | $ | $ 307,103.50 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **(SEE VICTIM LIST)** | $307,103.50 | $307,103.50 | |
| **TOTALS** | $ 307,103.50 | $ 307,103.50 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X  the interest requirement is waived for the    ☐ fine   X restitution.

   ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MICHAEL LAIR
CASE NUMBER: 1:S1 06 CR 01068-001 (JFK)

Judgment — Page  5  of  5

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ __400__ due immediately, balance due

    ☐ not later than _____ , or
    X  in accordance  ☐ C,  ☐ D,  ☐ E, or  X  F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

It is ordered that the defendant make restitution in the aggregate amount of $307,103.50, payable to the Clerk, U.S. District Court, 500 Pearl Street, New York, NY 10007, for disbursement to the identifiable victims (see attached) of the offense, in the amount determined by the Government, except that no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injury. The factors in 18 USC 3664(f)(2) were considered in formulating the payment schedule.  (Continued on the next page)

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: MICHAEL LAIR
CASE NUMBER: 1:S1 06 CR 01068-001 (JFK)

## ADDITIONAL FORFEITED PROPERTY

If the defendant is engaged in BOP non-Unicor work program, the defendant shall pay $25 per quarter toward the criminal financial penalties.

The restitution shall be paid in monthly installments of 10% of the defendant's gross monthly income over the period of supervised release to commence 30 days after the release from custody.

LAIR, MICHAEL                                                                P50589 - SFF

28

## **VICTIM LIST (Michael Lair)**

Target Entity: Hank Greenberg, AIG

Loss Amount: $25,000 (02/10/2006)

$40,000 (09/28/2005)

$7,500 (07/19/2005)

Contact Info: Greg Morvillo

Morvillo, Abramowitz, Grand, Iason, Anello and Bohrer, P.C.

565 Fifth Avenue

New York, New York 10017
****************

Target Entity: Biovail

Loss Amount: $4,030 (July 18, 2006)

Contact Info: Michael Bowe

Kasowitz Benson Torres & Friedman
1633 Broadway
New York, New York 10019

********************

Target Entity: Net2Phone

Loss Amount: $10,000 (02/04/2005)

Contact Info: Ely Tender

Net2Phone
520 Broad Street
Newark, NJ 07102

*************

LAIR, MICHAEL                                                        P50589 - SFF

29

Target Entity: Overstock.com

Loss Amount: $50,000 (04/04/2006)

Contact Info: Jonathon Johnson
Overstock.Com

6350 South 3000 East
Salt Lake City, UT 84121

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Target Entity: (Undisclosed)

Loss Amount: $10,000 (07/05/2005)

Contact Info: Ken Breen

Fulbright & Jaworski, LLP
666 5th Avenue
New York, New York 10103

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Target Entity: Oracle

Loss Amount: $25,000 (06/26/2006)

Contact Info: Steve Toll

Cohen Milstein Hausfeld & Toll
1100 New York Avenue, NW
Washington, DC 20005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LAIR, MICHAEL                                                      P50589 - SFF

30

Target Entity: Sam Wyly

Loss Amount: $35,000 (11/02/2004)

Contact Info: Mike Smith

Bickel & Brewer
1717 Main Street
Suite 4800
Dallas, TX 75206

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Target Entity: Travelers

Loss Amount: $22,039 (06/17/2003)

Contact Info: Ken Spence

St. Paul Travelers
385 Washington Street
NB15
St. Paul, MN 55102

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Target Entity: Ultratech

Loss Amount: $13,213 (03/14/2003)

Contact Info: Rick Timmins

Ultratech
3050 Zanker Road
San Jose, CA 95134

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LAIR, MICHAEL P50589 - SFF

31

Target Entity: American Express

Loss Amount: $7,821.50 (05/07/2004)

$12,500 (09/21/2004)

Contact Info: Drew Pomerance

Roxborough Pomerance Nye, LLP
5820 Canoga Avenue
Suite 250
Woodland Hills, CA 91367

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Target Entity: Touch America

Loss Amount: $30,000 (02/11/2003)

Contact Info: Patrick Fleming

Fleming and O'Leary
130 North Main Street
Suite 1000 P. O. Box 527
Butte, Montana 59701

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Target Entity: Adobe

Loss Amount: $15,000 (07/27/2005)

Contact Info: John Dwyer

Cooley Godward, LLP
5 Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306